US DISTRICT COURT

EASTERN DISTRICT OF MISSOURI

Arthur J. Clemens Jr.,

    Plaintiff

Vs.                                      **4:17cv2381 NCC**

Local One, Service Employees International Union

Tom Balanoff

Laura Garza

Nancy Cross

    Defendants

This cause is filed under Amendment 14 of the United States Constitution, USC 29-411 through 29-466, Rule 23 of the Federal Rules of Civil Procedure, Hummel vs. Brennan 469 F. Supp 1180, Burroughs vs. Operating Engineers 686 F 2d 723, and other pertinent laws, cases and precedents.

FIRST CAUSE OF ACTION

COMES NOW THE PLAINTIFF, AND STATES AND ALLEGES AS FOLLOWS:

1. That the Plaintiff is a member in good standing of Local One of the Service Employees International Union and has been a member in good standing in excess of nine years.

2. That during the period January 1, 2016 to December 31, 2016, Defendant Local One, SEIU raised the dues of the Plaintiff from $37 a month (in 2012, 2013, 2014, and 2015) to $42 a month that was assessed only when the Plaintiff was employed while working at Busch Stadium during baseball season, or for a period of six months out of the calendar year.

3. That said dues increase was made without a valid vote of the Local One membership to raise said dues, in keeping with USC 29-411, Section 101, (3) (A) of the United States Code.

4. That the Plaintiff was damaged in the amount of approximately $30 for the calendar year 2016, and estimates damages to be an additional $30 for the calendar year 2017.

5. That the Plaintiff has exhausted all remedies within Defendant Local One, SEIU in order to try to recover said excessive dues charges, with no results. See Exhibit O.

WHEREFORE, THE PLAINTIFF PRAYS FOR DAMAGES TO BE PAID TO THE PLAINTIFF BY LOCAL ONE IN THE AMOUNT OF $60, PLUS THE COST TO THE PLAINTIFF OF THE FILING FEE AND SERVICE CHARGES OF THIS SUIT.

SECOND CAUSE OF ACTION

COMES NOW THE PLAINTIFF, AND STATES AND ALLEGES AS FOLLOWS:

1. That during the period January 1, 2017 to the foreseeable future Defendant Local One, SEIU has raised the dues of the Plaintiff from $42 a month in 2016 to $47 a month without a valid membership vote. See Exhibit R.

2. That the Plaintiff will be damaged an estimated $30 for the calendar year 2017 by said dues increase.

3. That the Plaintiff has exhausted all remedies within Local One in order to try to recover said excessive dues charges, with no results. See Exhibit O.

WHEREFORE, THE PLAINTIFF PRAYS FOR DAMAGES IN THE AMOUNT OF $30, PLUS FEES AND COSTS, PLUS A CEASE AND DESIST ORDER AS NECESSARY.

THIRD CAUSE OF ACTION

COMES NOW THE PLAINTIFF, AND STATES AND ALLEGES AS FOLLOWS:

1. That during the period from 2009 to 2011, Defendant Local One, SEIU raised the dues of the Plaintiff from $35 a month in 2008 to $41 a month for six months a year without a valid vote of the Local One, SEIU membership.

2. That the Plaintiff was damaged in the amount of $108 during the period from January 1, 2009 to Dec 31, 2011.

3. That the Defendant Local One, SEIU, by and through Vice-President Nancy Cross claimed that said dues should have been $37 a month, and verbally promised to pay a refund, but later retracted her promise, and stated said refund would not be paid. See Exhibit B

3. That the Plaintiff in cooperation with several other dues paying members has exhausted all remedies within Local One in order to try to recover said excessive dues charges, with no results. See Exhibit C

WHEREFORE, THE PLAINTIFF PRAYS FOR DAMAGES IN THE AMOUNT OF $108.

FOURTH CAUSE OF ACTION

COMES NOW THE PLAINTIFF, AND STATES AND ALLEGES AS FOLLOWS:

1. That the Plaintiff is a member of a class of dues paying Local One members who were and/or are employed by four different employers holding contracts at different times with the St. Louis Cardinals during the period 2009 to the present doing cleanup work at Busch Stadium, all of whom had a contract with Defendant Local One, SEIU to employ only dues paying members, and who deducted dues from the pay of dues paying members and sent the money to the Secretary-Treasurer of Local One, SEIU.

2. That said class of dues paying members all were charged the same amount of dues as the Plaintiff per month of employment.

3. That no member of said class voted at a Local One membership meeting to have his or her dues increased during said period, or at any other time.

4. That on Sep 8, 2012, on the date that the vote was allegedly taken to raise the dues of said class in 2016 and 2017, those persons who were members of said class at that time worked until around 8 AM cleaning up after a home game between the St. Louis Cardinals and Milwaukee Brewers. The attendance for the game was 38,648. Said class was required to work after another home game the next night.

5. That Defendant Local One under the direction of Defendant Nancy Cross made no effort to allow members of said class to vote by sending a representative to Busch Stadium to take a vote on raising their dues in 2016 and 2017, or allow the class to vote absentee on this issue.

6. That the first three causes of action are incorporated herein.

WHEREFORE, THE PLAINTIFF PRAYS AS FOLLOWS:

1. That the Court declare this case to be considered a class action suit on behalf of all members of said class pursuant to Rule 23 of the Federal Rules of Civil Procedure. See Exhibits C, M.

2. That the Defendant Local One, SEIU be required to identify all members of said class who qualify to be Plaintiffs is this suit that can reasonably be found.

3. That the Defendant Local One be required to pay damages to all members of said class who can be found according to damages suffered by each member.

4. That the Court appoint an interim class attorney to represent said class pursuant to Rule 23 (g), and any other class or classes described by the Plaintiff as potential Plaintiffs in this case, until such time that the Court makes a determination on the class action status of the suit.

FIFTH CAUSE OF ACTION

COMES NOW THE PLAINTIFF, AND STATES AND ALLEGES AS FOLLOWS:

1. That Local One, SEIU has approximately 47,000 rank and file dues paying members located in six states at the present time. See OLMS Form LM-2 for 2016, which can be found online.

2. That other dues paying members in other locations throughout Local One have had their dues raised during 2016 and 2017 in a similar manner by Defendant Local One, SEIU, as described in the first four causes of action.

3. That said dues were raised by Defendant Local One, SEIU without a valid election for dues that were raised in 2016, and without any election for dues raised a second time in 2017.

4. The first four causes of action are incorporated herein.

WHEREFORE, THE PLAINTIFF PRAYS FOR DAMAGES FOR THE DESCRIBED CLASS AS APPROPRIATE, AND FOR THE COURT TO APPOINT AN INTERIM CLASS ATTORNEY TO REPRESENT SAID CLASS.

SIXTH CAUSE OF ACTION

COMES NOW THE PLAINTIFF AND STATES AND ALLEGES AS FOLLOWS:

1. That during the period that the Plaintiff has been a member in good standing of Local One, SEIU, there have been three so-called membership meeting votes, which were held

simultaneously in 11 different locations throughout the six state Local One, SEIU area. See Exhibits D, E, F

2. That in September of 2012, Local One, SEIU conducted a membership meeting vote for the purpose of allowing Local One to raise dues. See Exhibits D, O.

3. That the practical effect of said alleged vote was that the membership allegedly voted to permanently give up their right to vote on future dues increases and allow Local One leadership to raise dues as often as they want whenever they feel it is a good time to extort money from the membership, even if it is four or five years after the vote, as in this case.

4. That in 2013, Local One, SEIU conducted a membership meeting vote, in which the membership allegedly voted to amend the Local One Constitution and Bylaws to raise the number of Vice-Presidents of the Local from 8 to 12. This Amendment was proposed by the incumbent Local One leadership and not by rank and file members. See Exhibit E.

5. That in June of 2017, Local One, SEIU conducted a membership meeting vote, on an amendment proposed by the Plaintiff to the Local One Constitution and Bylaws for the purpose of amending the Local One election rules. This proposed Amendment was defeated. See Exhibit H.

6. The Plaintiff requests that the Court set aside all three of these alleged votes and declare them to be null and void and the Plaintiff states and alleges as follows:

   a. The approximately 47,000 members of Local One are spread out over six states, so those with dissenting opinions regarding membership votes do not have Freedom of Assembly pursuant to USC 29-411 and members cannot voice their opinions in any meaningful way. This

gives the position held by the incumbents an extremely unfair advantage in any membership meeting vote. Members cannot contact members outside of their immediate area, since the Local will not provide membership lists to rank and file members upon request.

   b. The Local One, SEIU website is completely censored, except for news articles approved by incumbent Local One leadership, even though the dues payers pay for the upkeep of the website, to include the salaries of those who write news articles for the website. To the best of the knowledge of the Plaintiff, there has never been even a notice of membership meeting votes published on the website.

   c. In order for the membership meeting vote to be valid, all 47,000 members of the Local must be notified by mail of the impending vote, and the Plaintiff is of the belief, based on a survey he has taken of a small number of members, that somewhere around three fourths of the members are not sent a notice of the impending vote in the mail. (See Exhibit G) This would mean that the results of said membership meeting votes are part of a mail fraud scheme.

   d. The total number of voters in membership meetings are somewhere around 400 members, and the results of their votes are binding on 47,000 members, and this is not democratic. See Exhibit E, H.

   e. The people who count the votes at membership meetings are chosen by the incumbents running the meeting, and there is no way for dissenters to monitor the vote count. See Exhibit H. Also it is not possible for a dissenter to be in 11 places at the same time to voice his opinion.

   f. The Plaintiff disputes the claim that Defendant Cross asked for volunteers at the June, 2017 to count votes, as described in Exhibit H.

g. That the Defendant Nancy Cross engaged in preventing the Plaintiff from cam-cording the vote count and the entire membership meeting in St. Louis on June 3, 2017.

h. In regard to the alleged 2012 vote on dues increases, there are no rank and file members who are under the same employment contract that was in place in 2012, so it is the position of the Plaintiff that dues cannot be raised on people who have joined the Local since the vote was taken, or on people who have agreed to a new work contract since the vote was taken, which means that there are no rank and file members who qualify to have their dues raised in 2016 or 2017 on the basis of a vote taken in 2012.

WHEREFORE, THE PLAINTIFF PRAYS THAT ONE, SOME OR ALL OF SAID MEMBERSHIP MEETING VOTES BE DECLARED NULL AND VOID, AND THAT SAID THE COURT ORDER VOTES BE RE-TAKEN BY MAIL-IN VOTING, AFTER DISSENTING OPINIONS CAN BE TRANSMITTED TO ALL MEMBERS, SIMILAR TO VOTING FOR LOCAL-WIDE CANDIDATES, AND SUPERVISED BY A COURT-APPOINTED TRUSTEE.

SEVENTH CAUSE OF ACTION

COMES NOW THE PLAINTIFF, AND STATES AND ALLEGES AS FOLLOWS:

1. That Local One has been deliberately designed in such a way by Local One leadership so as to deny the 47,000 dues paying members scattered throughout six states Freedom of Assembly, as described in USC 29-411, since there is no way for rank and file members to communicate with each other, or even know who other Local One, SEIU members are, except for a small number of members of Local One that a rank and file member might know, and possibly those

who attend Local One membership meetings, which number less than one hundred for an average rank and file member. See Exhibit E,F,H.

2. That Defendant Local One, SEIU will not provide any rank and file member a list of names, addresses, phone numbers, and email addresses of Local One rank and file members.

3. That it is therefore not possible for Local One rank and file members to criticize the policies and spending habits of Local One leadership so as to reach a large number of Local One rank and file members for the purpose of challenging incumbents in elections.

4. That news stories at the Local One website are completely censored, and it is not possible for any Local One rank and file member to publish any criticism of Local One leadership on the Local One website, even though the operation of the website, to include the salary of news reporters, is paid for by Local One rank and file dues payers.

5. That Defendant Local One, SEIU regularly send emails and mail to rank and file members for the purpose of promoting discounts offered to Local One members by private businesses, such as credit card companies, insurance companies, new and used car dealers, etc., which Defendant Local One labels as SEIU Benefits, but will not provide to members a mailing list or an email list of rank and file members so they can contact each other. See Exhibit N.

5. That the Local One Constitution and Bylaws, plus regulations issued by the so-called Local One Election Board, make it nearly impossible for any rank and file member to get on the ballot for a Local-wide election. See Exhibit K. Article X, Local One Constitution and Bylaws are online.

6. That in the extremely unlikely event that a person was to qualify to run for local-wide office, it would not be possible for the challenging candidate to convey his or her platform to the

majority of the membership and ask for their support, since Local One, SEIU will not provide a written list to the challenging candidate(s), except by the method described in the Constitution and Bylaws, as follows, which is completely useless:

> *Article X, Section 6. Each eligible candidate for office shall have a right once within thirty (30) days prior to any election in which he or she is a candidate to inspect a list containing the names and last known addresses of all members of the Local Union. Such inspection must be made in the presence of the Secretary-Treasurer or Secretary-Treasurer's designee.*

(This rule makes it impossible for any member outside of the Chicago area to see said list without incurring significant travel expenses, and then the challenging candidate cannot make a copy of the list but must memorize 47,000 names and addresses in less than an hour, and then spend thousands of dollars to reach members by mail with a message that members probably will not open and read, since rank and file members regularly receive junk mail from the Local. See Exhibit N)

6. That the Congress, when passing legislation in 1959 to promote and protect democracy for Local Unions, did not envision Locals that were regional instead of Local, and passed labor laws based on the assumption that everyone in a Local worked in the same factory. There was no internet in 1959, so it is up to the Court to issue guidelines for Unions to use modern technology in such a way as to make the Union election process transparent so that large numbers of members belonging to Locals can achieve Freedom of Assembly as envisioned by Congress when passing USC 29-411 and other pertinent legislation. See Exhibit S.

6. That Defendant Tom Balanoff has been President of Local One for approximately 17 years, and during that time (to the best of the knowledge of the Plaintiff who has been a member for

over nine years) there has never been anyone to oppose him, so he has been chosen by acclamation for reelection for every election.

7. That Local One leadership has a standard policy of not informing Local One members when an election is imminent, and that rank and file members have the right to run for office, unless they are forced to do so when a rank and file member reads the Local One Constitution and Bylaws and decides to run for office.

6. That the Plaintiff has made reasonable efforts to run for President of Local One, and to change the Constitution and Bylaws so that others would have a chance to run for Local One office, with no success, and the Plaintiff has exhausted all remedies with the SEIU in regard to this matter, although such appeals with the SEIU are useless. See Exhibits I, J, P.

7. That Article X of the Local One Constitution and Bylaws constitutes a violation of the Constitutional Rights of the Plaintiff and all rank and file members to run for and hold Local One elected office, particularly United States Constitution Amendment XIV, and statutory law, to include USC 29-411, because there is no Freedom of Assembly for challenging candidates.

8. That there is an election scheduled for September 9, 2017, there are no candidates who have qualified to run against Defendants Tom Balanoff and Laura Garza, or any other Local-wide office that is up for election, which means that the Defendants and all other Local-wide candidates will retain their offices by acclamation. See Exhibit Q.

9. That the Plaintiff has been a dues paying member for over nine years, and during that time there has never been an election of Local-wide officers, or an election of officers in the St. Louis area.

WHEREFORE, THE PLAINTIFF PRAYS THAT THE COURT ORDER LOCAL ONE TO BE PLACED IN RECEIVERSHIP AND DIRECT A COURT APPOINTED TRUSTEE TO INSTITUTE DEMOCRATIC REFORMS, PURSUANT TO USC 29-411, USC 29-464 AND OTHER APPROPRIATE AUTHORITIES.

EIGHTH CAUSE OF ACTION

COMES NOW THE PLAINTIFF, AND STATES AND ALLEGES AS FOLLOWS:

1. That it is a violation of the Local One, SEIU Constitution, Bylaws, and rules for candidates for Local One office to use dues payers' money to further their campaign for Local One elected offices. See Exhibit K.

2. That the Plaintiff has made a complaint to the Local One, SEIU election board describing numerous ways that incumbent candidates for Local One office use dues payers' money to gain an advantage in their re-elections and discourage others from running or even being on the ballot, in general, and in particular against the candidacy of the Plaintiff. See Exhibits I, J.

3. That the Local One Election Board has ruled that they have no jurisdiction to rule on the Plaintiff's complaint to them filed simultaneously with the Plaintiff's application to run for President of Local One. See Exhibits J, P.

4. That the Plaintiff includes in this cause of action the Complaint filed with the Local One Election Board along with their reply as exhibits. See Exhibit J.

WHEREFORE, THE PLAINTIFF PRAYS THAT ALL CANDIDATES WHO CAN BE SHOWN TO USE DUES PAYERS MONEY TO FURTHER THEIR CANDIDACY FOR

LOCAL ONE OFFICE BE DISQUALIFIED FROM HOLDING LOCAL ONE, SEIU ELECTED OFFICE.

NINTH CAUSE OF ACTION

COMES NOW THE PLAINTIFF, AND IN KEEPING WITH 29 USC 411, 29 USC 462, USC 29 USC 464, AMENDMENT 14 OF THE US CONSTITUTION, and the SEIU International Constitution, REQUESTS THAT THE COURT ORDER LOCAL ONE TO BE PLACED IN TRUSTEESHIP, AND APPOINT A TRUSTEE TO MANAGE THE AFFAIRS OF LOCAL ONE, IN ORDER TO INSTITUTE DEMOCRATIC PROCEDURES FOR LOCAL ONE, SEIU, AND ENDING CORRUPTION AND/OR FINANCIAL MALPRACTICE BY DEFENDANTS TOM BALANOFF, LAURA GARZA, AND/OR OTHER LOCAL ONE OFFICIALS AND/OR EMPLOYEES. IN SUPPORT THE PLAINTIFF STATES AND ALLEGES AS FOLLOWS:

1. That the approximately 47,000 members of Local One, situated in six states, have a right to expect that the dues they pay to Local One, which were approximately $26,000,000 in 2016, be spent in a prudent and responsible manner.

2. That the 2015 and 2016 OLMS LM-2 Reports, which are a matter of public record and posted on the OLMS website using access code 023715, list many extravagant expenditures that do not appear to have any relationship to the best interests of the Local One, SEIU rank and file membership.

3. That said expenditures indicate that the primary goal of the Local One leadership is to live a life of ease and opulence at the expense of the hard working dues payers. See Exhibit A.

4. That said spending policies are the responsibility of Defendants Tom Balanoff and Laura Garza, and constitute Financial Malpractice in accordance with the definition set forth in the SEIU International Constitution.

3. That the SEIU International Constitution which is posted online states that the International has the authority to place a Local in receivership and appoint a Trustee if a Local President is engaged in Financial Malpractice.

4. That the President of the International has promised an investigation in this matter in a letter sent to the Plaintiff in April of 2017, but no investigation has proceeded to the best of the knowledge of the Plaintiff, and the Plaintiff has exhausted all remedies with the SEIU International in seeking relief for the benefit of the rank and file membership of Local One from the Financial Malpractice of Defendants Tom Balanoff and Laura Garza. (See Exhibit L)

5. That the Plaintiff is filing as exhibit (See Exhibit A) with the Court his study of the expenditures of the Local for 2015 and 2016 relevant to this cause of action.

6. That the actions of the Defendants described in this cause of action constitute an ongoing threat to the stability of Local One and the Union movement in general, since State Legislators are reluctant to force workers to pay dues to finance the lifestyle of ease and luxury of the Defendants and their cronies, in order to have a job, and four out of the six states which make up the territory of Local One have passed so-called "Right to Work" legislation since Defendant Balanoff took office as President of Local One.

7. That the Plaintiff has the right to file this cause of action with the Court in keeping with USC 29 USC 464, Section 304 (a).

8. That the Defendants Tom Balanoff, Laura Garza, and Nancy Cross are personally responsible for the Financial Malpractice of Local One, SEIU.

WHEREFORE THE PLAINTIFF PRAYS AS FOLLOWS:

1. That this cause of action be declared class action on behalf of the 47,000 dues paying members of Local One.

2. That the Court require Defendants Tom Balanoff, Laura Garza and Nancy Cross to personally pay attorneys' fees and costs in this case, instead for attorneys' fees being paid from the Local One Treasury.

3. That the Defendants Tom Balanoff, Laura Garza, and Nancy Cross be required to pay restitution to the Local One, SEIU Treasury for any funds the Court finds they have diverted for their personal use.

4. That the Court order Local One placed into Receivership and appoint a Trustee to oversee the financial operation of the Local answerable to the Court until rank and file members can be informed about present financial operations of the Local, and an election is then held to determine who the elected officials of Local One are.

5. That the Court instruct the Trustee as follows:

   a. To stop all spending by the Local on purposes that cannot be shown to have any benefit to the mission of the Local, and/or are unnecessary for the administration of the Local. (Voluntary Political Contributions by members excepted.)

b. That elected officers be suspended from their positions, pending an election, and that the pay of Local One elected officials be ordered by the Trustee to be approved by a Court supervised referendum of the members.

c. That all Local employees that cannot be identified by the Trustee as being necessary for the administration of the Local be dismissed from their positions if they are being paid from the Local One Treasury and not from voluntary political contributions.

d. That money saved from these efficiencies be redirected into pension trust funds and health care trust funds for Local One rank and file members, and the trust funds be consolidated so that all rank and file members receive equal pensions and health care benefits, pro-rated according to their full time, part time and seasonal dues paid.

e. For other actions as the Court and the Trustee sees fit.

TENTH CAUSE OF ACTION

COMES NOW THE PLAINIFF, AND STATES AND ALLEGES AS FOLLOWS:

1. That the Plaintiff has made a reasonable effort to run for President of Local One, SEIU. See Exhibits M, I, J, P, S.

2. That the election for Local-wide office is scheduled for September 9, 2017.

3. That the Plaintiff did not qualify to be on the ballot for said election. See Exhibits K, M, P.

4. That no challenging candidate qualified to be on the ballot for said election. See Exhibit Q.

5. That all incumbent candidates will be re-elected by acclamation. See Exhibit Q.

5. That the Local One election rules are a violation of the Plaintiff's and any other potential candidate's rights under Amendment 14 of the United States Constitution.

6. That the Plaintiff was denied Freedom of Assembly in attempting to contact the 47,000 members of Local One, SEIU, and state his position and platform regarding the pay cut of $160,000 a year the Plaintiff would take if elected, the Plaintiff's qualifications for the job, the way Local is being run by the incumbents, and how it should be run.

7. That the Defendants may choose not to renew the present contract with the Plaintiff's employer which expires on December 31, 2017.

WHEREFORE, THE PLAINTIFF PRAYS THAT THE COURT TAKE ACTIONS TO INSURE THAT THE PLAINTIFF HAS A REASONABLE OPPORTUNITY TO RUN FOR PRESIDENT OF LOCAL ONE, SEIU.

THE PLAINTIFF REQUESTS LEAVE TO AMEND HIS COMPLAINT AND/OR FILE ADDITIONAL CAUSES OF ACTION UPON COMPLETION OF DISCOVERY AND/OR UPON THE ADVICE OF INTERIM CLASS COUNSEL.

Signed: *[signature]*
Arthur J. Clemens Jr.
400 N. Broadway, Suite 1008
St. Louis, MO. 63102
Lawscan2001@yahoo.com
314-262-5438

Date: