## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ARTHUR J. CLEMENS, Jr., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17-CV-2381 RLW |
| | ) |
| LOCAL ONE, SERVICE EMPLOYEES | ) |
| INT'L UNION, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This case is before the Court on a motion filed by the pro se plaintiff, Arthur J. Clemons, to declare a portion of 29 U.S.C. § 481(c)[1] unconstitutional and on his motion to compel.

In his motion to declare § 481(c) unconstitutional, Plaintiff argues that Congress enacted the provision at issue on the assumption that local unions were indeed local. Local One, however, is regional, operates in six states, and has its principal office in Chicago. These circumstances require a potential candidate for union office to travel to Chicago and to there attempt to inspect a list of at least 47,000 members. Consequently, Plaintiff and others are effectively prevented from running for office.

---

[1]Plaintiff mistakenly refers to the statute at issue as 29 U.S.C. § 281(c). He quotes, however, § 481(c). That section provides, in relevant part:

> Every bona fide candidate shall have the right, once within 30 days prior to an election of a labor organization in which he is a candidate, to inspect a list containing the names and last known addresses of all members of the labor organization who are subject to a collective bargaining agreement requiring membership therein as a condition of employment, which list shall be maintained and kept at the principal office of such labor organization by a designated official thereof.

Although styled as a motion to declare § 481(c) unconstitutional, the pleading presents two causes of action and is more properly construed as a proposed amendment to the pending ten-count complaint. Pro se parties are expected to follow the civil rules of procedure, court orders, and local rules. *In re Leiferman*, 428 B.R. 850, 854 (B.A.P. 8th Cir. 2010); *Johns v. City of Florissant Police Dep't*, 2018 WL 867944, *3 (E.D. Mo. Feb. 14, 2018); *Viehweg v. Mello*, 5 F.Supp.2d 752, 761 (E.D. Mo. 1998). Federal Rule of Civil Procedure 15(a) establishes the procedure to be followed when, as in the instant case, a plaintiff wishes to amend his complaint after an answer has been filed. If Plaintiff wishes to amend his complaint to add counts challenging the constitutionality of § 481(c), the proper motion to amend must be filed.

At issue in the motion to compel are six of the nineteen requests for production of documents.

The first of the six requests is for "[c]opies of all documents which support entries made in the OLMS LM-2 reports regarding Local One, SEIU for 2015 and 2016, pursuant to 29 U.S.C § 431(c)."[2] Defendants object to this request on the grounds that § 431(c) already provides Plaintiff with access to the information. The Court agrees.

---

[2]Section 431(c) provides, in relevant part:

> Every labor organization required to submit a report under this subchapter shall make available the information required to be contained in such report to all of its members, and every such labor organization and its officers shall be under a duty enforceable at the suit of any member of such organization in any State court of competent jurisdiction or in the district court of the United States for the district in which such labor organization maintains its principal office, to permit such member for just cause to examine any books, records, and accounts necessary to verify such report.

A LM-2 form is an annual report the Secretary of Labor requires unions to file and includes, among other things, a listing of assets and liabilities, salaries of officers, and disbursements. *See AFL-CIO v. Chao*,409 F.3d 377, 379 & n.1 (D.C. Cit. 2005).

The second request is for "[a]ll documents on file which describe Local One members who have had their dues raised in the last two years and how much their dues have been raised." Defendants have agreed to provide Plaintiff documents showing the rates of dues and the number of members subject to those rates; Defendants object to providing Plaintiff with any further description, including the members' names. Plaintiff suggests in his motion that Defendants' reluctance may be attributed to their desire not to identify members of a potential class. The issue of class certification is not yet before the Court. Moreover, Plaintiff's concern about a possible arbitrary assessment of various dues rates for different members is hypothetical at best.

The third request is for "[a]ll documents which describe the disbursement of funds to pension trust funds in 2015 and 2016." Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." "Broad discovery is an important tool for the litigant," *Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC*, 784 F.3d 1183, 1198 (8th Cir. 2015); however, "this . . . legal tenet should not be misapplied so as to allow fishing expeditions in discovery," *Heller v. HRB Tax Group, Inc.*, 287 F.R.D. 483, 485 (E.D. Mo. 2012). In his ten-count complaint, Plaintiff challenges the votes for dues increases, election procedures, and the use of dues for campaign costs. In the motion discussed above, he challenges the statute governing access to information on union members. What is not challenged is any issue relating to the pension funds.

The fourth request is for a copy of a legal opinion about matters raised in Plaintiff's complaint; the fifth is for the bills for such opinion. Rule 26(b)(1) of the Federal Rules of Civil Procedure permits discovery only of "nonprivileged matter." An attorney-client privilege "extends . . . to confidential communications made for the purpose of facilitating the rendition of

3

*legal* services to the client." *Wollesen v. West Central Coop.*, 2018 WL 785863, *4(N.D. Ia. Feb. 8, 2018) (interim quotations omitted).

The sixth, and last, request in dispute is one asking for financial information on fifteen various union trust funds, including some funds for unions other than Local One. The funds named are not parties, see Fed.R.Civ.P. 34(a) (restricting requests for production of documents to parties), and, regardless, the finances of such funds are not at issue.

For the foregoing reasons, the Court finds Defendants' objections to the six requests to be with merit. Plaintiff's motion to compel will be denied.

Accordingly,

IT IS HEREBY ORDERED that the motions of Plaintiff to declare 29 U.S.C. § 481(c) unconstitutional [ECF No. 23] and to compel [ECF No. 31] are each DENIED.

Dated this 22nd day of February 2018.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**