## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

ARTHUR J. CLEMENS, Jr.,            )
                                   )
            Plaintiff,             )
      v.                           )        No. 4:17CV2381 RLW
                                   )
LOCAL ONE, SERVICE EMPLOYEES       )
INTERNATIONAL UNION, et al.,       )
                                   )
            Defendants.            )

## MEMORANDUM AND ORDER

This matter is before the Court on the following motions: *pro se* plaintiff Arthur J.

Clemons's Motion Regarding Exhibits (ECF No. 47) and Motion to Disqualify Defense Counsel

Suggs (ECF No. 53) and Defendants' Motion to Strike Plaintiff's Objection to Defense Counsel

Suggs Taking Deposition (ECF No. 54). Upon review of the motions and memoranda, the Court

denies Plaintiff's motions and grants Defendants' motion.

## DISCUSSION

### I.    Plaintiff's Motion Regarding Exhibits

According to Plaintiff's Memorandum for Clerk (ECF No. 47), which the Court construes

as a Motion Regarding Exhibits, he and defense counsel have conflicted over whether Plaintiff

was responsible for providing copies of exhibits referenced in his pleadings. From what the

Court can tell based on the filings, the parties initially had an agreement that *pro se* Plaintiff

could serve his pleadings on Defendants via email. (ECF No. 48-3) However, defense counsel

complained that Plaintiff would email his pleadings many hours after he filed them with the

Court, including after normal business hours in the middle of the night. (ECF Nos. 48, at 1-2;

48-1) Defense counsel further complained that Plaintiff would not attached exhibits referenced

in the pleadings and the documents that were emailed were not "true and accurate" copies of what were filed with the Court.[1]  In light of Plaintiff's manner of serving Defendants with pleadings, defense counsel advised Plaintiff that he no longer consented to service by email and that serviced needed to be performed in accordance with Federal Rule of Civil Procedure 5, namely by hand-delivery or delivery by United States mail.  (ECF No. 48-3)

Plaintiff objects to Defendants' demand that he provide paper copies of each exhibit referenced in his pleadings.  (ECF No. 47)  He maintains that he has previously provided copies of exhibits and defense counsel should have them.  Further, he points out that all filings are accessible via PACER.

Federal Rule of Civil Procedure 5 establishes the procedure for service.  Subsection (b)(2)(E) specifically allows service by "sending it to a registered user by filing it with the court's electronic-filing system *or sending it by other electronic means that the person consented to in writing*."  (Emphasis added).  Absent such an agreement, however, parties must effect service by one of the following means:

> (A) handing it to the person;
> (B) leaving it:
>> (i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or
>> (ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;
> (C) mailing it to the person's last known address—in which event service is complete upon mailing;
> (D) leaving it with the court clerk if the person has no known address[.]

*Id.*

Once Defendants withdrew their consent to be served via email, it became Plaintiff's obligation to effect service in compliance with the rules.  This includes attaching any referenced

---

[1] For example, Defendants say the documents they received via email were unsigned and did not include a completed certificate of service.

exhibit. Plaintiff has stated in response to Defendants' complaints "that his limited spare time off work is valuable to him and does not need to spend hours of his valuable time doing work that does not need to be done." (ECF No. 50) This is Plaintiff's case and it is his responsibility to prosecute it and comply with the rules. *Pro se* parties are expected to follow the civil rules of procedure, court orders, and local rules. *In re Leiferman*, 428 B.R. 850, 854 (B.A.P. 8th Cir. 2010); *Johns v. City of Florissant Police Dep't*, 2018 WL 867944, *3 (E.D. Mo. Feb. 14, 2018); *Viehweg v. Mello*, 5 F.Supp.2d 752, 761 (E.D. Mo. 1998). Plaintiff's Motion Regarding Exhibits is denied.

## II.    Plaintiff's Motion to Disqualify Defense Counsel Suggs

In Plaintiff's Motion to Disqualify Defense Counsel Suggs (ECF No. 53), he argues defense counsel should be disqualified from the case because of a dispute regarding his deposition. According to Plaintiff, he notified defense counsel of his plan to use a tape recorder in addition to the stenographer. When he arrived at defense counsel's office for his initial deposition on May 29, 2018, defense counsel allegedly told him he could not use a tape recorder. Plaintiff contends his use of a tape recorder would be necessary to "protect himself from having his testimony altered by Defense Counsel in cooperation with the stenographer." (ECF No. 53, at 2) Further, in Defendants' letter to Plaintiff accompanying their Notice of Deposition (ECF No. 53-1), defense counsel specifically informed Plaintiff: "Per my notice I intend to have a court reporter record your deposition by stenographic means. You are free to arrange for another method of recording at your cost pursuant to Rule 30(b)(3)(B)."

The disagreement concerning Plaintiff's use of a tape recorder was apparently resolved as the transcript from his July 6, 2018 deposition shows he appeared for the rescheduled deposition and was able to use a tape recorder. Accordingly, the Court denies Plaintiff's motion as moot.

## III. Defendants' Motion to Strike Plaintiff's Objection to Defense Counsel Suggs Taking Deposition

In Plaintiff's Objection to Defense Counsel Suggs Taking Deposition (ECF No. 52), he accuses defense counsel of witness tampering under.[2] After filing his original Complaint, Plaintiff filed a Motion to Declare 29 U.S.C. § 281(c) Unconstitutional in Part (ECF No. 23). This Court ultimately denied that motion on February 22, 2018 (ECF No. 37), and Plaintiff subsequently filed an Amended Complaint that contains the constitutional validity claim (ECF No. 46). Before the Court denied the motion, defense counsel attempted to persuade Plaintiff to withdraw his motion. In a letter (ECF No. 52-1), defense counsel communicated his view that the constitutional validity claim had no legal basis and, as such, was frivolous. Defense counsel ended his letter by saying: "Please understand that if you do not withdraw your motion contending that 29 U.S.C. Section 481(c) is unconstitutional I will file a motion for sanctions pursuant to Rule 11(c)."

Rule 12(f) of the Federal Rules of Civil Procedure provides this Court with wide latitude to strike pleadings found to be insufficient, redundant, immaterial, impertinent, or scandalous. However, the Eighth Circuit cautions that motions to strike pleadings are an "extreme and disfavored measure" and, thus, require judicial temperance in deciding whether or not to grant them. *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007).

Plaintiff's accusation that defense counsel engaged in witness tampering is unfounded. Under Missouri law, the crime of witness tampering is defined, in pertinent part, as the following:

A person commits the offense of tampering with a witness or victim if:

---

[2] Plaintiff also accuses defense counsel of "bill padding activates" and notes "[defense counsel] and his law firm has [sic] been paid an extremely large amount of money to handle this case, and this creates an incentive on the part of [defense counsel] to engage in future illegal and/or unethical activities."

> (1) With the purpose to induce a witness or a prospective witness to disobey a subpoena or other legal process, absent himself or herself, avoid subpoena or other legal process, withhold evidence, information, or documents, or testify falsely, he or she:
>
>> (a) Threatens or causes harm to any person or property; or
>> (b) Uses force, threats or deception; or
>> (c) Offers, confers or agrees to confer any benefit, direct or indirect, upon such witness; or
>> (d) Conveys any of the foregoing to another in furtherance of a conspiracy[.]

Mo. Rev. Stat. § 575.270.1. Defense counsel was not attempting to convince Plaintiff to disobey a subpoena or other legal process, absent himself, avoid subpoena or other legal process, withhold evidence, information, or documents, or testify falsely. Further, Rule 11(c) provides a mechanism for parties to move for the imposition of sanctions in response to a pleading that, among other things, is not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). While such motions are rare, they are not threats. The very procedure established by Rule 11(c)(2) requires a moving party first serve a motion for sanction on the offending party and allow 21 days for the offending party to withdraw or correct the offending matter before filing with the court. This process makes clear that the potential filing of a motion for sanctions, absent abuse, is not unlawful.[3]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion Regarding Exhibits (ECF No. 47) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Disqualify Defense Counsel Suggs (ECF No. 53) is **DENIED as moot**.

---

[3] It is worth noting that defense counsel never moved for sanctions under Rule 11(c).

5

**IT IS FINALLY ORDERED** that Defendants' Motion to Strike Plaintiff's Objection to

Defense Counsel Suggs Taking Deposition (ECF No. 54) is **GRANTED** and Plaintiff's Rule 32

Objection to Defense Counsel Suggs Taking Deposition (ECF No. 52) is **STRICKEN**.

Dated this /5ᵗʰ day of February, 2019.

Ronnie L. White

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**