UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARTHUR J. CLEMENS, Jr., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17CV2381 RLW |
| | ) |
| LOCAL ONE, SERVICE EMPLOYEES | ) |
| INTERNATIONAL UNION, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on three separate motions for reconsideration filed by *pro se* Plaintiff Arthur J. Clemens, Jr., related to the Court's September 23, 2019 Judgment (ECF Nos. 106, 107, & 108) and a memorandum brief in support thereof (ECF No. 109). Defendants Local One, Service Employees International Union ("Local One"), Tom Balanoff, Laura Garza, and Nancy Cross (collectively referred to as "Defendants") oppose the motions. Plaintiff has also filed a memorandum for clerk, which the Court construes as a motion to expedite ruling. (ECF No. 113) After careful review, the Court grants Plaintiff's motion to expedite and denies his three motions for reconsideration.

## LEGAL STANDARD

A "motion to reconsider" is not explicitly contemplated by the Federal Rules of Civil Procedure but can be addressed as arising under Rule 59(e) or 60(b). *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006); *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999); *see also Harris v. United States*, No. 4:18-CV-1546-JAR, 2018 WL 6305593, at *1 (E.D. Mo. Dec. 3, 2018) (motion to reconsider "can be considered the functional equivalent of a motion under either Rule 59(e) or 60(b)"). Here, Plaintiff's three separate motions specifically invoke Rule 60

rather than 59(e).[1] Rule 60(b) allows a court to "relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect." *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 755 (8th Cir. 1996). Rule 60(b) provides for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003).

## DISCUSSION

As set forth in the Court's Memorandum and Order of September 23, 2019 (ECF No. 104), Plaintiff Arthur J. Clemens, Jr., is employed by employers who are contracted to clean Busch Stadium in Saint Louis, Missouri after events at the stadium. He is a dues-paying member of Local One, which is a labor union representing approximately 46,000 members in the service industry across six contiguous states. Defendants Tom Balanoff, Laura Garza, and Nancy Cross are agents of Defendant Local One and serve as president, treasurer, and vice president respectively. Plaintiff's Amended Complaint (ECF No. 46) asserted fifteen counts against Defendants stemming from, among other things, grievances he had regarding allegedly improper union elections and increases in membership dues. On September 23, 2019, the Court granted Defendants' Motion to Dismiss or in the Alternative for Summary Judgment, which disposed of all of Plaintiff's remaining claims.

---

[1] Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence and allow a court to correct its own mistakes in the time immediately following judgment. *Harris v. United States*, No. 4:18-CV-1546-JAR, 2018 WL 6305593, at *1 (E.D. Mo. Dec. 3, 2018) (citing *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). Rule 59(e) motions cannot be used to relitigate old matters or to raise new arguments, tender new legal theories, or present evidence that could have been offered or raised before the entry of judgment. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008). A Rule 59(e) motion "is not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." *Barnett v. Roper*, 941 F. Supp. 2d 1099, 1104 (E.D. Mo. 2013) (internal quotation marks and citation omitted) (emphasis in original).

## I. Count III

In his first motion to reconsider (ECF No. 106), Plaintiff argues the Court "may have overlooked or failed to consider evidence, statements, and documents that support" his third cause of action. Count III of Plaintiff's Amended Complaint asserted that Local One raised monthly membership dues from $39 to $41 for the calendar years 2009-2011 without a valid vote. Specifically, Plaintiff claims evidence in the record establishes that Cross admitted a clerical error caused the dues increase from $37 to $41. He claims that his letter appealing Vice President Cross's refusal to refund the difference went ignored by President Balanoff. Plaintiff also claims he and another union member approached someone at the Office of Labor-Management Standards ("OLMS"), but that person informed them that OLMS did not have jurisdiction over the dispute. When defense counsel asked Plaintiff during his deposition whether he had done anything further to exhaust his remedies concerning his complaint about the increased union dues, Plaintiff responded "No, that's it." (Dep. of Arthur Clemens at 25:5-24, ECF No. 66-4)

The Court did not overlook the evidence Plaintiff cites. Rather, such information does not refute the Court's conclusion that Defendants were entitled to summary judgment on Count III because Plaintiff failed to exhaust internal union remedies before filing his private lawsuit as required by Local One's bylaws, Service Employees International Union's constitution, and § 101(a)(4) of the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 41 l(a)(4). As explained in the Memorandum and Order of September 23, 2019 (ECF No. 104), Article XXII of Local One's Constitution and Bylaws provides:

> **Section 1.** Subject to the provisions of Section 2, the President shall be empowered to decide disputes between members relating to their work or their responsibilities to each other or to the Local Union and to decide the claim of members concerning the adjustment of their grievances against employers or

Union Representatives. The decision of the President shall be final and binding in such matters, except that a member who is not satisfied with such decision shall have the right to appeal as provided in Section 2 hereof. *It is expressly understood that, as a condition of membership, each member agrees to be bound by the provisions of Sections 1 and 2 of this Article and to exhaust all procedures and remedies provided therein and to refrain from the institution or prosecution of any action in any court, tribunal or other agency until the procedures and remedies therein are fully exhausted.* Any member who brings any action in violation of this provision may, in addition to other penalties, be required to reimburse the Local Union or its officers for the costs' and attorneys [sic] fees incurred in defending such action.

**Section 2.** Any member who has a dispute as defined in Section 1 shall, within ten (10) days from the date such dispute arises, appeal in writing to the President by certified mail. *If such member is not satisfied with the decision of the President, or if the President has not rendered a decision within fifteen (15) days following receipt of the appeal, the member may appeal his or her case to the Appeals Committee of the Executive Board.* The Appeals Committee shall consist of five (5) Executive Board Members assigned by the President. Any such appeal to the Appeals Committee of the Executive Board shall be filed in writing by certified mail with the Secretary-Treasurer. The decision of the Appeals Committee shall be due or rendered not later than thirty (30) days after receipt of the appeal. The decision of the Appeals Committee of the Executive Board shall be subject only to such further appeal as may be permissible under the Constitution and Bylaw of the International Union.

(ECF No. 66-1, at 13) (emphasis added)

As explained in the Memorandum and Order of September 23, 2019, Plaintiff admitted in his deposition that he did not follow the prescribed appeal process after President Balanoff failed to respond. Accordingly, the Court finds that Plaintiff has failed to demonstrate any mistake in the Memorandum and Order of September 23, 2019 to warrant the extraordinary relief afforded by Rule 60(b). Plaintiff's first motion for reconsideration (ECF No. 106) is denied.

## II. Motion to Enjoin Use of Treasury Money to Pay Legal Fees

In his second motion for reconsideration (ECF No. 107), Plaintiff again moves to enjoin Defendants from using treasury money to pay legal fees to defense counsel. Plaintiff does not offer any argument that the Court erroneously denied his previous two motions seeking to enjoin

payments to defense counsel (ECF Nos. 18 & 94). Rather, he offers additional purported records of legal fee billing and accuses defense counsel of bill padding, double billing, and conflicts of interest. The Court finds that these allegations are without merit. Plaintiff's second motion for reconsideration (ECF No. 107) is denied. To the extent Plaintiff's second motion attempts to reopen the case to file a new motion to enjoin Defendants from using treasury money to pay defense counsel, the motion is also denied.

### III. Plaintiff's Constitutional Challenge to

In his third motion for reconsideration, Plaintiff argues Rule 5.1 requires the Court to certify to the Attorney General of the United States that his Amended Complaint questions the constitutional validity of a federal statute. Fed. R. Civ. P. 5.1(b). The Advisory Committee Notes for Rule 5.1, however, make clear that

> [t]he court may reject a constitutional challenge to a statute at any time. . . . This rule does not displace any of the statutory or rule procedures that permit dismissal of all or part of an action -- including a constitutional challenge -- at any time, even before service of process.

*Id.* advisory committee's notes (2006).

As explained in the Memorandum and Order of September 23, 2019, Plaintiff's constitutional challenge to 29 U.S.C. § 481(c) is without merit and, thus, does not require certification to the Attorney General. Plaintiff essentially makes a policy argument that modern technological advancements justify the Court declaring § 481(c) unconstitutional. Such a policy argument is outside the scope of the Court's jurisdiction and is more properly suited for Congress. Plaintiff's third motion for reconsideration (ECF No. 108) is denied.

Accordingly,
...

**IT IS HEREBY ORDERED** that Plaintiff Arthur J. Clemens, Jr.,'s October 23, 2019 memorandum for clerk, which the Court construes as a motion to expedite ruling, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's three separate motions for reconsideration related to the Court's September 23, 2019 Judgment (ECF Nos. 106, 107, & 108) are **DENIED**.

Dated this 29th day of October, 2019.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**